Andrew Zollinger, State Bar No. 24063944
andrew.zollinger@dlapiper.com
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

PROPOSED COUNSEL FOR THE DEBTORS

Thomas R. Califano (admitted *pro hac vice*)
Dienna Corrado (admitted *pro hac vice*)
thomas.califano@dlapiper.com
dienna.corrado@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

Daniel M. Simon (admitted *pro hac vice*)
daniel.simon@dlapiper.com
DLA Piper LLP (US)
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 736-7800
Facsimile: (404) 682-7800

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| 4 West Holdings, Inc. *et al.*,[1] | § | Case No. 18-30777 (HDH) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

## APPLICATION OF THE DEBTORS FOR AN ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF ANKURA CONSULTING GROUP, LLC TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND CERTAIN ADDITIONAL PERSONNEL AND (II) DESIGNATING LOUIS E. ROBICHAUX IV AS CHIEF RESTRUCTURING OFFICER *NUNC PRO TUNC* TO THE PETITION DATE

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON APRIL 16, 2018 AT 2:30 P.M. (PREVAILING CENTRAL TIME) AT THE UNITED STATES BANKRUPTCY COURT, EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., 14TH FLOOR, COURTROOM 3, DALLAS, TX 75242-1496.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH**

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, is attached hereto as **Exhibit A**.

**PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT SO THAT IT IS RECEIVED NOT LESS THAN SEVEN (7) DAYS BEFORE THE DATE OF THE HEARING REGARDING THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors (collectively, the "Debtors"), by and through their proposed counsel, DLA Piper LLP (US), hereby submit this application (the "Application") for an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order") and pursuant to section 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing the employment and retention of Ankura Consulting Group, LLC ("Ankura"), *nunc pro tunc* to the Petition Date (as defined below) and (ii) designating Louis E. Robichaux IV as the Debtors' Chief Restructuring Officer (the "CRO") in the Debtors' chapter 11 cases. In support of the Application, the Debtors rely upon, and incorporate by reference, the *Declaration of Louis E. Robichaux IV* in support of the Application (the "Robichaux Declaration"), attached hereto as **Exhibit C**. In further support of the Application, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over these chapter 11 cases and this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      On March 6, 2018 (the "Petition Date"), each Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, or examiner has been appointed in these chapter 11 cases.

5. On March 16, 2018, the office of the U.S. Trustee appointed the official committee of unsecured creditors (the "Committee") in these chapter 11 cases.

6. The Debtors are licensed operators of forty-one (41) skilled nursing facilities and manager of one skilled nursing facility (each, a "Facility") located in seven (7) states: Georgia, Indiana, Mississippi, North Carolina, South Carolina, Tennessee and Virginia. In addition, one of the Debtors, Palladium Hospice and Palliative Care, LLC f/k/a Ark Hospice, LLC ("Palladium") provides hospice and palliative care services at certain of the Facilities and other third party locations. The Debtors have faced the same fiscal challenges which have impacted the broader healthcare sector and more particularly the operators of skilled nursing facilities ("SNF") in recent years. As has been the case for many of the participants in this industry, the Debtors have faced numerous financial challenges. As described more fully herein, the performance of the current group of operating Facilities has been negatively impacted by industry headwinds, regulatory actions at certain Facilities, and an inefficient geographic footprint in certain regions in the United States.

7. In light of these developments, the Debtors engaged restructuring advisors to assist in the redevelopment and refinement of a business plan, and initiated confidential restructuring negotiations with their primary stakeholders. Ankura was initially engaged by the Debtors on May 8, 2017 to assist the Debtors in an advisory capacity as well as to review strategic alternatives relating to their existing debt obligations. On July 26, 2017, Mr. Robichaux

was appointed as the Debtors' Interim President and Chief Financial Officer, and served in that role until February 12, 2018 when he was appointed as the Debtors' Chief Restructuring Officer.

8.      Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these chapter 11 cases, is set forth in the *Declaration of Louis E. Robichaux IV in Support of Chapter 11 Petitions and First Day Pleadings* [Dkt. No. 19] (the "First Day Declaration").

## RELIEF REQUESTED

9.      By this Application, the Debtors seek the entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code: (a) authorizing the retention and employment of Ankura to provide financial and restructuring advice to the Debtors, and (b) designating Louis E. Robichaux IV as the Debtors' CRO consistent with the terms of that certain engagement agreement dated as of February 26, 2018 between Ankura and the Debtors (the "Engagement Agreement"),[2] a true and correct copy of which is attached as **Exhibit 1** to the Robichaux Declaration.

10.      The relief requested in this Application is necessary to the successful administration of these Chapter 11 Cases. The Debtors require the services of an experienced CRO and crisis managers to guide existing management through a restructuring of the Debtors' operations and a successful resolution of these Chapter 11 Cases.

## Qualifications

11.      The Debtors are familiar with the professional standing and reputation of Ankura and its professionals. The Debtors understand that Ankura's professionals have a wealth of

---

[2]      Capitalized terms used but not otherwise defined herein or the First Day Declaration shall have the meanings ascribed to them in the Engagement Agreement.

experience in providing restructuring advisory services, and enjoy an excellent reputation for services rendered in large and complex chapter 11 cases throughout the United States.

12.    Ankura's professionals have advised management and boards of directors in several significant healthcare restructurings and turnarounds including in *In re Foundation Healthcare, Inc.,* Case No. 17-42571 (RFN) (Bankr. N.D. Tex. Jul. 20, 2017) [Docket No. 68]; *In re Ascent Group, LLC,* Case No. 16-34436 (SGJ) (Bankr. N.D. Tex. Mar. 7, 2017) [Docket No. 147]; *In re St. Francis' Hospital Poughkeeepsie,* 13-37725 (CGM) (Bankr. S.D.N.Y. Feb. 5, 2017) [Docket No. 237]; *In re Virginia United Methodist Homes of Williamsburg, I*, Case No. 13-317098 (KRH) (Bankr. E.D. Va. Mar. 20, 2013) [Docket No. 97]; *In re Sage Physician Partners, Inc.,* Case No. 12-41314 (BTR) (Bankr. E.D. Tex. Jul. 13, 2012) [Docket No. 89]; *In re CWT Liquidation Co. (f/k/a The Clare at Water Tower)*, Case No. 11-46151 (TAB) (Bankr N.D. Ill. Jan. 12, 2012) [Docket No. 194].

13.    In addition, Mr. Robichaux, who will act as CRO for the Debtors, has nearly 30 years' experience in the financial, corporate restructuring, and healthcare industries. Mr. Robichaux regularly provides restructuring, crisis management, and financial advisory services to parties in a broad array of distressed corporate settings, with significant emphasis on the healthcare industry.

14.    Mr. Robichaux is nationally recognized for his work in healthcare corporate restructuring. Mr. Robichaux's healthcare sector experience includes among others, hospitals, outpatient rehabilitation, and skilled nursing care. In addition, Mr. Robichaux is an experienced chief restructuring officer, and chief financial officer at the corporate, regional, and local levels.

15. Prior to joining Ankura, Mr. Robichaux was a senior restructuring practitioner at large professional services firms. Mr. Robichaux has also worked in the healthcare industry as a senior financial and operational analysist, and has held various management positions in the long-term care industry.

## Scope of Services

16. As set forth in the Engagement Agreement, Ankura will provide interim management and restructuring advisory services, including but not limited to the following:

    a) provide Louis E. Robichaux IV to serve as CRO of the Debtors with such role encompassing the responsibilities and authority as set forth herein and in the Engagement Agreement;

    b) provide restructuring and analytical support to the CRO and the Debtors' management team; and

    c) perform such other professional services as may be requested by the Debtors and agreed to by Ankura in writing.

17. Further, pursuant to the Engagement Agreement, Mr. Robichaux as CRO of the Debtors shall:

    a) serve as a duly-appointed officer of the Debtors and member of their management team;

    b) report, in such capacity, to the Debtors' board of directors;

    c) serve as the Debtors' primary representative during these chapter 11 proceedings;

    d) review and approve cash disbursements and debtor-in-possession reporting during these Chapter 11 Cases;

    e) review and approve monthly operating reports required during these Chapter 11 Cases;

    f) review and evaluate competing bids for plan sponsor role and make recommendation to the Court related thereto;

    g) provide testimony during the chapter 11 process in connection the Debtor's reorganization efforts, including a plan of reorganization; and

h) provide accounting and financial reporting guidance and advice to the Debtors' V.P. of Finance and Controller, and the Debtors' President.

### Terms of Compensation

18. The Debtors propose to compensate and reimburse for actual, reasonable out-of-pocket and direct expenses of Ankura incurred in accordance with the Engagement Agreement.

19. Ankura's compensation for professional services rendered to the Debtors shall be based upon hourly rates as set forth below. Ankura's compensation does not include a back-end success fee, restructuring fee, or transaction fee. Ankura's present hourly rates are:

| Professional | Rates per hour |
|---|---|
| Senior Managing Directors | $920-995 |
| Other professionals | $370-865 |
| Paraprofessionals | $175-300 |

20. Ankura anticipates the following group of professionals will be the primary personnel assisting the Debtors (the "Core Team"):

- Mr. Robichaux, CRO, Senior Managing Director – hourly rate, $995
- Ben Jones, Senior Managing Director – hourly rate, $995
- Chris M. Hebard, Senior Director – hourly rate, $710

21. Pursuant to the Engagement Agreement, Ankura has agreed to cap its fees as follows: during the course of the engagement, fees for the Core Team shall be limited to an average of $30,000 per week, as calculated from week to week during the course of the engagement (the "Weekly Cumulative Cap"). Neither (a) actual, out-of-pocket expenses, or (b) fees for any Ankura personnel outside of the Core Team shall be subject to the Weekly Cumulative Cap.

22.     In the normal course of business, Ankura may periodically adjust its billing rates. Changes in applicable hourly rates will be noted on the invoices for the first time period in which the revised rates became effective.

23.     Prior to the Petition Date, Ankura received a combined total of $1,965,744.13 in payments from the Debtors for restructuring services, representing both professional fees and out-of-pocket expense reimbursement.  As of the Petition Date, (i) the Debtors did not owe Ankura any amounts for services rendered, and (ii) Ankura holds a retainer in the amount of $70,820.00.

24.     Because Ankura is not being employed as a professional under section 327 of the Bankruptcy Code, it will not be submitting fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.  Instead, the Debtors intend that the fees and expenses incurred by Ankura in completion of its services under the Engagement Agreement be treated as administrative expenses of these Chapter 11 Cases and paid by the Debtors in the ordinary course of business. Ankura will be entitled to be paid in full immediately upon invoicing the Debtors, but will file with the Court, and provide notice to the U.S. Trustee and counsel for any committee appointed in these Chapter 11 Cases ("Committee Counsel"), reports of compensation and expenses on a monthly basis, which shall provide a time period for objections as to compensation previously paid.  Additionally, Ankura shall file with the Court, with copies to the U.S. Trustee and Committee Counsel, a report of staffing on the engagement for the previous month.  Such report shall include the names and functions filled by the individuals assigned and shall include detailed time entries describing the task(s) performed, recorded in one-half hour increments, and organized by project category.  All compensation previously paid and staffing will be subject to review by the Court in the event an objection is filed within ten (10) days of filing such report.

25.     The hourly rates of Ankura's professionals are consistent with and typical of compensation arrangements entered into by Ankura and other comparable firms that render similar services under similar circumstances.  The Debtors believe that the rates charged by the professionals of Ankura are reasonable, market-based, and designed to compensate Ankura fairly for its work and to cover fixed and routine overhead expenses.

26.     Courts have allowed fees and expenses incurred by professionals retained under section 363 of the Bankruptcy Code to be treated as and an administrative expense incurred by debtors in the ordinary course of business.  *See In re UCI, Int'l, LLC*, Case No. 16-11354 (MFW) (Bankr. D. Del. Jul. 12, 2016) [Docket No. 16-11354] (authorizing retention of chief restructuring officer pursuant to section 363 of the Bankruptcy Code, and allowing the debtors to pay, in the ordinary course of business, fees and expenses incurred in connection with the chief restructuring officer's retention); *In re. Juniper GTL, LLC*, Case No. 16-31959 (MI) (Bankr. S.D. Tex. May 24, 2016) [Docket No. 176] (same); *In re HII Technologies, Inc.,* Case No. 15-60070 (DRJ) (Bankr. S.D. Tex. Sept. 22, 2015) [Docket No. 32] (same); *see also In re First River Energy, LLC,* Case No. 18-50085 (Bankr. W.D. Tex. Feb. 13, 2018) [Docket No. 200] (authorizing retention of chief restructuring officer pursuant to section 363 of the Bankruptcy Code and treating incurred fees and expenses as an administrative expense following reports of compensation and expiration of objection period).

### **Indemnification**

27.     Subject to the approval of the Court and as more fully described in the Engagement Agreement, the Debtors have agreed to indemnify Ankura as set forth in Schedule I to the Engagement Agreement.  The Debtors request that they be permitted to indemnify Ankura for any claims, liabilities, or expenses relating to this engagement.  In no event shall the Debtors

be obligated to indemnify Ankura for its bad faith, negligence, willful misconduct or violation of any law.

## BASIS FOR RELIEF

28.     The Debtors seek to employ and retain Ankura and appoint Mr. Robichaux as CRO pursuant to section 363 of the Bankruptcy Code.

29.     Under applicable case law, in this and other jurisdictions, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable exercise of the debtor's business judgment, such use should be approved. *See United Retired Pilots Benefit Prot. Ass'n v. United Airlines, Inc. (In re UAL Corp.)*, 443 F.3d 565, 571 (7th Cir. 2006); *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991); *see also In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 175-76 (D. Del. 1991) (noting that courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b) of the Bankruptcy Code); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."). Cases in which Section 363(b) applications were approved include: *In re Forest Park Medical Ctr. at Frisco, LLC*, Case No. 15-41684 (Bankr. E.D. Tex.); *In re El Paso Children's Hospital Corp.*, Case No. 15-30784 (Bankr. W.D. Tex.); *In re Physicians Specialty Hospital of East El Paso, LP*, Case No. 07-30633 (Bankr. W.D. Tex.).

30.     The decision to retain Ankura and designate Mr. Robichaux as CRO should be authorized because it is a sound exercise of the Debtors' business judgment.  Mr. Robichaux and the professionals of Ankura are well qualified and equipped to provide restructuring advice and

perform CRO duties. Ankura and Mr. Robichaux, in his capacity as CRO, will provide services that are in the best interests of all parties in interest in these Chapter 11 Cases.

### Compliance with Bankruptcy Rule 6004(a) and Waiver of Bankruptcy Rule 6004(h)

31.     To implement the foregoing successfully, the Debtors request that the Court find that notice of the Application is adequate under Bankruptcy Rule 6004(a) under the circumstances, and that the Court waive the 14-day stay of an order authorizing the use of property under Bankruptcy Rule 6004(h) to the extent applicable.

### NOTICE

32.     Notice of this Application shall be provided to: (a) the U.S. Trustee; (b) the Office of the Attorney General of the states in which the Debtors operate Facilities; (c) proposed counsel to the Committee; (d) counsel to Omega Healthcare Investors, Inc. and the DIP Lender; (e) the Internal Revenue Service; (f) the Department of Medicaid, Department of Health, and Division of Health Services Regulation in each state in which the Debtors operate Facilities; and (g) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that such notice is sufficient and that no further notice of this Application is required.

*[remainder of page left intentionally blank]*

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached to this Application as **Exhibit B**, and (b) grant such other and further relief as the Court may deem proper.

Dated: March 20, 2018

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Andrew Zollinger*
Andrew Zollinger, State Bar No. 24063944
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
Telephone: (214) 743-4500
Facsimile: (214) 743-4545
Email: andrew.zollinger@dlapiper.com

-and-

Thomas R. Califano (admitted *pro hac vice*)
Dienna Corrado (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile:  (212) 335-4501
Email:  thomas.califano@dlapiper.com
          dienna.corrado@dlapiper.com

-and-

Daniel M. Simon (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 736-7800
Facsimile:  (404) 682-7800
Email:  daniel.simon@dlapiper.com

*Proposed Counsel for the Debtors*