Andrew Zollinger, State Bar No. 24063944
andrew.zollinger@dlapiper.com
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas  75201-4629
Telephone:  (214) 743-4500
Facsimile:  (214) 743-4545

*Counsel For The Debtors*

Thomas R. Califano (admitted *pro hac vice*)
Dienna Corrado (admitted *pro hac vice*)
thomas.califano@dlapiper.com
dienna.corrado@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York  10020-1104
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501

Daniel M. Simon (admitted *pro hac vice*)
daniel.simon@dlapiper.com
DLA Piper LLP (US)
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia  30309
Telephone:  (404) 736-7800
Facsimile:  (404) 682-7800

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| 4 West Holdings, Inc. *et al.*,[1] | § | Case No. 18-30777 (HDH) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE
TIME PERIOD WITHIN WHICH THE DEBTORS MAY ASSUME
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON JUNE 27, 2018 AT 9:00 A.M. (CENTRAL DAYLIGHT TIME) AT THE UNITED STATES BANKRUPTCY COURT, EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., 14TH FLOOR, COURTROOM 3, DALLAS, TX 75242-1496.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT SO THAT IT IS RECEIVED NOT LESS THAN SEVEN (7) DAYS BEFORE THE DATE OF THE HEARING REGARDING THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE**

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, is attached hereto as **Exhibit A**.

EAST\154429683                    1

**PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The above-captioned debtors (collectively the "Debtors"), by and through their counsel, DLA Piper LLP (US), hereby submit this motion (the "Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order"), pursuant to section 365(d)(4)(B) of title 11 of the United States Code (the "Bankruptcy Code"), extending the time period within which the Debtor may assume unexpired leases of nonresidential real property by 90 days, from July 5, 2018 through and including October 3, 2018.  In support hereof, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over the Debtors, their estates, and this matter under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

3. On March 6, 2018 (the "Petition Date"), each Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing these chapter 11 cases ("Chapter 11 Cases").

4. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

5. On March 16, 2018, the Office of the U.S. Trustee for the Northern District of Texas (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee") in these Chapter 11 Cases.

6. On March 7, 2018, the Debtors filed the *Debtors' Plan of Reorganization Under Chapter 11 of the* Bankruptcy *Code* [Docket No. 21], which was amended on May 25, 2018

pursuant to the *Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 438] (as may be further amended, the "Amended Plan").

7. On March 7, 2018, the Debtors filed the *Disclosure Statement for the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 22], which was amended on May 25, 2018 pursuant to the *Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 436] (as may be further amended, the "Disclosure Statement"). On June 1 2018, the Court entered an order approving the Disclosure Statement [Docket No. 496]. The hearing to consider confirmation of the Amended Plan is scheduled to commence on July 16, 2018 at 9:00 a.m. (Central Daylight Time) (the "Confirmation Hearing").

8. On May 14, 2018, the Court entered an order (the "Settlement Order") [Docket No. 375] approving the Debtors' entry into an Amended Settlement and Release Agreement attached to the Settlement Order (the "Settlement Agreement") with Omega. The Settlement Agreement provides for, among other things, the transfer of those assets comprising the "Transfer Portfolio" (as defined in the Settlement Agreement) to Omega and the termination of the related Master Leases and Subleases (each as defined below), and the transfer of those Facilities comprising the "Restructuring Portfolio" (as defined in the Settlement Agreement) to the new operators designated by Omega and the deemed recharacterization, subject to confirmation of the Plan, of the Master Leases and Subleases (each as defined below), as severed under the Settlement Agreement and Settlement Order.

9. On May 14, 2018, the Court entered the *Order Approving (A) Plan Funding Commitment and Stock Purchase Agreement With Plan Sponsor, (B) Stalking Horse Bid Protections, (C) Bidding and Auction Procedures Governing Submission and Consideration of Competing Plan Sponsorship Proposals, and (D) the Form and Manner of Notice Thereof*

[Docket No. 377] (the "Bidding Procedures Order"), which among other things, established bidding and auction procedures for the Restructuring Portfolio (as defined in the Bidding Procedures Order).

10. The Debtors are currently in the process of consummating the transactions with respect to the Transfer Portfolio under the Settlement Agreement and undergoing a marketing process with respect to the facilities in the Restructuring Portfolio.

11. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Louis E. Robichaux IV in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 19] (the "First Day Declaration"),[2] which is incorporated herein by reference.

## RELEVANT BACKGROUND

12. The corporate structure of the Debtors generally fall into three categories: (i) holding companies that directly or indirectly hold a portfolio of certain assets, (ii) entities that are tenants under the Master Leases with the Omega Parties (the "Tenant Debtors"), and (iii) entities which are subtenants under the subleases with the Tenant Debtors and operate the Facilities (the "Operating Debtors"). In addition, Debtor Johns Island Rehabilitation and Healthcare Center, LLC is a tenant to a lease with a third party landlord for the facility it operates and certain other debtors are party to leases for their corporate offices.

13. As set forth more fully in the First Day Declaration, the Tenant Debtors operate Facilities leased through master leases (each, a "Master Lease" and collectively, the "Master Leases") with certain Omega Parties, including the (i) Master Lease, effective as of November 27, 2013, by and between certain Omega Parties and certain Tenant Debtors with respect to 37

---

[2] Capitalized terms not otherwise defined herein shall carry the meaning ascribed to such terms in the First Day Declaration.

EAST\154429683                                      4

Facilities (the "South East Region Master Lease"); (ii) Master Lease, effective as of November 27, 2013, by and between an Omega Party and Tenant Debtor Connersville RE, LLC with respect to one (1) Facility that the Debtors manage but operated by a third party (the "Indiana Region Master Lease"); and (iii) Master Lease, effective as of June 27, 2014, by and between certain Omega Parties and Tenant Debtor New Ark Master Tenant, LLC with respect to four (4) Facilities (the "Laurel Baye Master Lease"). In turn, the Tenant Debtors are parties to various sublease agreements with the Operating Debtors (collectively the "Subleases" and each a "Sublease") whereby the Operating Debtors sublease the Facilities from the Tenant Debtors.

## RELIEF REQUESTED

14. By this Motion, the Debtors seek entry of an order, substantially in the form of the Proposed Order, pursuant to section 365(d)(4)(B) of the Bankruptcy Code, extending the time for the Debtors to assume or reject unexpired leases of nonresidential real property by ninety (90) days, from July 5, 2018 through and including October 3, 2018, without prejudice to the Debtors' right to seek further extensions of the deadline in accordance with the Bankruptcy Code.[3]

## BASIS FOR RELIEF

15. Upon commencement of a chapter 11 case, a debtor is provided an initial period to stabilize its operations and make business decisions regarding such operations, including in connection with its leases. Specifically, section 365(d)(4)(A) of the Bankruptcy Code provides as follows:

> [A]n unexpired lease of nonresidential real property under which the debtor is a lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of-

---

[3] There is a split in authority as to whether the Master Leases are residential or non-residential real property leases. *See, e.g., In re Passage Midland Meadows Operations, LLC*, 578 B.R. 367, 377-78 (Bankr. S.D. W.Va. 2017) (holding that a lease under which the debtor operated three skilled nursing facilities was nonresidential); *but see In re Care Givers, Inc.*, 113 B.R. 263 (Bankr. N.D. Tex. 1989) (holding that a nursing home lease was residential for purposes of section 365(d)(4)); *In re Texas Health Enters.*, 255 B.R. 181, 183-84 (Bankr. E.D. Tex. 2000) (same). The Debtors believe that the Master Leases are non-residential real property leases and thus seek the relief requested in this Motion.

EAST\154429683        5

(i)    the date that is 120 days after the date of the order for relief; or

(ii)   the date of the entry of an order confirming a plan.

11 U.S.C. § 365(d)(4)(A).

16.    In these chapter 11 cases, the 120-day period established by section 365(d)(4)(A) expires on July 5, 2018.[4]

17.    In the event the initial 120-day period proves insufficient, the Bankruptcy Code provides for a ninety (90) day extension thereof subject to a showing of "cause" and the approval of the Court.  11 U.S.C. § 365(d)(4)(B).  Bankruptcy courts in this district and elsewhere routinely extend the initial period to assume or reject unexpired leases when such period has proven to be insufficient.  *See In re Think Finance, LLC*, No. 17-33964 (Bankr. N.D. Tex. Apr. 21, 2018); *In re ADPT DFW Holdings LLC*, No. 17-31432 (Bankr. N.D. Tex. Aug. 21, 2017); *In re Energy & Exploration Partners, Inc.*, No. 15-44931 (Bankr. N.D. Tex. Apr. 5, 2016); *In re Alco Stores, Inc.*, No. 14-34941 (Bankr. N.D. Tex. Jan. 9, 2015).

18.    When determining whether cause exists to extend the time to assume unexpired leases of nonresidential real property, courts have considered a variety of factors, including: (1) whether the debtor was paying for the use of the property; (2) whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code; and (3) complexity of the case facing the debtor.  *See S. St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760-61(2d Cir. 1996) (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105-06 (2d Cir. 1982)); *see also In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987) (considering, among other factors, the complexity of the case facing

---

[4] Pursuant to Rule 9006(a) of the Federal Rules of Bankruptcy Procedure, where a period is stated in days and the expiration of such period falls on a weekend or holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a). Because the expiration of the initial 120-day period falls on July 4, 2018, application of this rule provides that such period shall run until the following day – Thursday, July 5, 2018.

EAST\154429683                                6

the debtor and the number of leases the debtor must evaluate); *In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing *Wedtech*, 72 B.R. at 471-72).

### CAUSE EXISTS TO EXTEND THE PERIOD WITHIN WHICH THE DEBTORS MUST ASSUME UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES

19. An application of the aforementioned factors to the facts of these Chapter 11 Cases demonstrates sufficient "cause" to grant the Debtors' request for an extension of time to assume unexpired non-residential real property leases.[5]

20. First, the Debtors and the Omega Parties have agreed to the amount of the interim rent under the Restructuring Support Agreement (the "RSA"), which was approved by the Court in an oral ruling on May 31, 2018 (with certain modifications), to be paid during the post-petition period. The Debtors have been paying such interim rent on a timely basis as provided under the RSA.

21. Second, the Debtors' continued occupation of the real property to operate the facilities does not damage the lessor beyond the compensation available under the Bankruptcy Code. In fact, the Debtors' landlord under the Master Leases, the Omega Parties, have agreed to support the Debtors' restructuring transactions under the RSA. By necessity, the Debtors require additional time to fully transition the Transfer Portfolio and continue to market the Restructuring Portfolio, and have the consent of the Omega Parties to do so. Finally, and significantly, these Chapter 11 Cases are unquestionably large and complex as evidenced by the number of Debtors, the numerous pleadings filed and the lengthy and complex hearings held in these cases thus far.

22. Given the significance of these Master Leases to the overall reorganization of the Debtors, absent the relief requested herein, the Debtors' entire reorganization efforts could be

---

[5] Neither the filing of this Motion nor any of the statements contained herein shall be deemed to be an admission of, or waiver of rights in connection with, the characterization or validity of the Master Leases.

jeopardized. The Debtors are not in a position to assume the Master Leases given what they are trying to accomplish in these Chapter 11 Cases and a premature rejection of any one of the Master Leases would be extremely detrimental to their operations, not to mention risk the health and safety of the thousands of residents under their care in the Facilities.

23. Accordingly, the Debtors submit that sufficient cause exists to extend the period for the Debtors to assume unexpired leases of nonresidential real property in accordance with section 365(d)(4)(B) of the Bankruptcy Code by ninety (90) days, from July 5, 2018 through and including October 3, 2018.

## **NOTICE**

24. Notice of this Motion has been provided (a) U.S. Trustee; (b) the Office of the Attorney General of the states in which the Debtors operate Facilities; (c) counsel for the Committee; (d) counsel to OHI Asset RO, LLC and the DIP Lender; (e) the Internal Revenue Service; (f) the Department of Medicaid, Department of Health, and Division of Health Services Regulation in each state in which the Debtors operate facilities; (g) the Omega Parties and any other landlords of unexpired non-residential real property leases; and (h) those parties who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that such notice is sufficient and that no further notice of this Motion is required.

*[remainder of page intentionally left blank]*

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit B, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: June 3, 2018
         Dallas, Texas

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Andrew Zollinger*
Andrew Zollinger, State Bar No. 24063944
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
Telephone: (214) 743-4500
Facsimile: (214) 743-4545
Email: andrew.zollinger@dlapiper.com

-and-

Thomas R. Califano (admitted *pro hac vice*)
Dienna Corrado (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: thomas.califano@dlapiper.com
         dienna.corrado@dlapiper.com
-and-

Daniel M. Simon (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 736-7800
Facsimile: (404) 682-7800
Email: daniel.simon@dlapiper.com

*Counsel for the Debtors*