

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 4, 2018**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| 4 West Holdings, Inc. *et al.*,[1] | § § § | Case No. 18-30777 (HDH) |
| Debtors. | § § § § | (Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS' ASSUMPTION OF**
**THE RESTRUCTURING SUPPORT AGREEMENT**

Upon the motion (the "Motion")[2] of the above-captioned debtors (the "Debtors") for

---

[1] A list of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, is attached to the Motion as Exhibit A.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

EAST\154974225.4

entry of an order (this "Order"), pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, approving the Debtors' assumption of the Restructuring Support Agreement, dated March 6, 2018, as amended (the "RSA"), all as further described in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and held a hearing on the Motion on May 30, 2018; and this Court having issued an oral ruling on the Motion on May 31, 2018; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found and determined that the relief sought in the Motion, as modified by this Order, is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    Pursuant to Bankruptcy Code section 365(a), the Debtors are authorized and directed to assume the RSA (as modified by this Order), and the RSA (as modified by this Order) shall be and is hereby deemed assumed within the meaning of section 365 of the Bankruptcy Code.

3. Notwithstanding anything in the Motion to the contrary, nothing in this Order shall be construed as fixing or otherwise determining the validity, priority or extent of Omega's claim.

4. Notwithstanding anything in the RSA to the contrary, nothing in the RSA shall be construed as entitling the Plan Sponsor to assert an administrative expense claim for monetary damages related to a breach of the RSA other than an administrative expense claim for Bid Protections (as defined in the *Order Approving (A) Plan Funding Commitment and Stock Purchase Agreement With Plan Sponsor, (B) Stalking Horse Bid Protections, (C) Bidding and Auction Procedures Governing Submission and Consideration of Competing Plan Sponsorship Proposals, and (D) the Form and Manner of Notice Thereof* [Docket No. 377] (the "Bidding Procedures Order") on the terms and conditions set forth in the Bidding Procedures Order and in the Plan Funding Commitment and Stock Purchase Agreement; provided, however, that nothing contained herein shall preclude the Plan Sponsor from exercising any other remedies available under the RSA.

5. Section 6 of the RSA is hereby deleted in its entirety and replaced with the following:

> Fiduciary Duties. Notwithstanding anything to the contrary contained in this Agreement, until the entry of the Confirmation Order, nothing in this Agreement shall restrict the Company or any director or officer of the Company (in such person's capacity as a director or officer) from supporting, seeking, soliciting, encouraging, or accepting any Alternative Transaction that the Company has determined in good faith (after consultation with its legal and financial advisors and the receipt of advice from each of them) (A) can be consummated on the terms proposed, taking into account all financial, regulatory, legal, and other aspects (including certainty of closing), and (B) is on terms more favorable to the Company's creditors than the transactions contemplated by this Agreement, if the failure to support, seek, solicit, encourage, or accept such Alternative Transaction would (based on the written advice of the Company's legal advisors) constitute a breach of the Company's, the directors', or the officers' fiduciary duties under

applicable law, provided that in such circumstance, the Plan Sponsor and Omega must be given a full and fair review of such Alternative Transaction and an opportunity to propose a modification of the terms contemplated for the Restructuring Transaction to provide a higher or otherwise better offer than such Alternative Transaction, prior to the Company's acceptance of any Alternative Transaction; provided further that such final determination as to whether such modified proposal by the Plan Sponsor and/or Omega is higher or otherwise better than such Alternative Transaction shall be determined in the Company's sole discretion, based upon its reasonable business judgment (or such other legal standard that the Bankruptcy Court determines).

6. Section 5(b)(v)(A)(19) of the RSA is hereby deleted in its entirety and replaced with the following:

(19) the Bankruptcy Court has not entered orders, in form and substance acceptable to Omega in its reasonable discretion, by no later than (i) May 14, 2018 approving the bidding procedures for the Restructuring Transaction, and (ii) June 1, 2018 approving the Disclosure Statement and solicitation procedures for the Plan and approving a deadline for the filing of all pre-petition claims.

7. Nothing in this Order shall impair or limit any party's rights to object to confirmation of the Debtors' Plan.

8. Any stay imposed by Bankruptcy Rule 6006(d) is waived.

9. The Debtors are authorized to take all actions they deem necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

### # # # End of Order # # #

Order submitted by:

**DLA PIPER LLP (US)**

*/s/ Andrew Zollinger*
Andrew Zollinger, State Bar No. 24063944
DLA Piper LLP (US)

1717 Main Street, Suite 4600
Dallas, Texas 75201-4629
Telephone: (214) 743-4500
Facsimile: (214) 743-4545
Email: andrew.zollinger@dlapiper.com

-and-

Thomas R. Califano  (admitted *pro hac vice*)
Dienna Corrado (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile:  (212) 335-4501
Email:  thomas.califano@dlapiper.com
        dienna.corrado@dlapiper.com
-and-

Daniel M. Simon (admitted *pro hac vice*)
One Atlantic Center
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 736-7800
Facsimile:  (404) 682-7800
Email:  daniel.simon@dlapiper.com

*Counsel for the Debtors*